# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:02cr63

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID CLARENCE WARD. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reopen Case Double Jeopardy Count Three of the Sentencing Punishment [Doc. 37].

On July 9, 2002, the Defendant was indicted in a four count Bill of Indictment with bank robbery by force and violence, in violation of 18 U.S.C. §2113(a); armed bank robbery, in violation of 18 U.S.C. §2113(d); using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii); and being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g). [Doc. 3]. Each charge stemmed from the robbery of one bank on one day. [Id.].

The Defendant elected to proceed to jury trial and was convicted by jury verdict of each count on November 5, 2002. [Doc. 25]. On February 10, 2003,

1

the Defendant was sentenced to 130 months imprisonment on Counts One and Two and a term of 120 months on Count Four, all to be served concurrently.[1] [Doc. 30]. He was sentenced to 300 months imprisonment on Count Three to be served consecutively. [Id.]. The Defendant did not appeal his sentence but did appeal a trial court ruling concerning an expert. His conviction and that ruling were affirmed. United States v. Ward, 89 F. App'x. 382 (4th Cir.), cert. denied 542 U.S. 910, 124 S.Ct. 2855, 159 L.Ed.2d 278 (2004).

The Defendant did not file a motion pursuant to 28 U.S.C. §2255 to vacate, correct or set aside his sentence. Instead, over eight years after his conviction and sentence became final, he has moved to re-open his case based on double jeopardy. The Defendant argues that Counts Two and Four are the same crime for which he should not have been punished twice. "[C]onviction of the offense under 18 U.S.C. §2113[d] requires proof of elements not required for conviction under 18 U.S.C. §922(g) and vice versa." United States v. Fox, 941 F.2d 480, 486 (7th Cir.), cert. denied 502 U.S. 1102,

---

[1] By sentencing the Defendant on Count One and Count Two concurrently, the sentencing court merged these two counts. United States v. Alston, 56 F.3d 62 (4th Cir. 1995). Count One is a lesser included offense of Count Two and thus merging the sentence avoided error. Id.; Jackson v. United States, 2001 WL 34563133 (W.D.N.C.), appeal dismissed 22 F. App'x. 323 (4th Cir. 2001).

112 S.Ct. 1190, 117 L.Ed.2d 431 (1992). The elements of the armed bank robbery crime include the taking of money from a federally insured institution by means of force and violence with proof that the bank robber assaulted or put in jeopardy the life of another by use of a dangerous weapon or device. Id. That device, however, need not be a firearm and the crime may be committed by anyone, not just a convicted felon. Id. The Defendant's argument is frivolous.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reopen Case Double Jeopardy Count Three of the Sentencing Punishment [Doc. 37] is hereby **DENIED**.

Signed: August 2, 2012

Martin Reidinger
United States District Judge