IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00214-MR
[Criminal Case No. 1:02-cr-00063-MR-1]

| | |
|---|---|
| DAVID CLARENCE WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and on Petitioner's Motion to Appoint Counsel [Doc. 2].

## I. PROCEDURAL HISTORY

On February 3, 2003, after a jury trial, Petitioner was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Two); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Four). [Criminal Case 1:02-cr-63-MR-1, Doc. 30: Judgment].

On January 28, 2003, this Court sentenced Petitioner to 130 months in prison on each of Counts One and Two; 120 months in prison on Count Four, to be served concurrently to the terms for Counts One and Two; and 300 months in prison on Count Three, to be served consecutively to the terms for Counts One, Two, and Four, for a total of 430 months. [Id., Doc. 30: Judgment]. Petitioner appealed, and on February 5, 2004, the Fourth Circuit affirmed the conviction and sentence in an unpublished opinion. United States v. Ward, 89 F. App'x 382 (4th Cir. 2004). The United States Supreme Court denied certiorari on June 14, 2004. Ward v. United States, 542 U.S. 910, 124 S. Ct. 2855, 159 L.E.2d 278 (2004). Petitioner filed the instant motion to vacate on July 25, 2013, contending that his sentence is unconstitutional in light of the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record

and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on June 14, 2004, when the Supreme Court denied certiorari. Clay v. United States, 537 U.S. 522, 530, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Because Petitioner did not file his motion to vacate until on or around July 25, 2013, his motion is untimely under Section 2255(f)(1). Petitioner argues, however, that the petition is timely under § 2255(f)(3), which provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne. The U.S. Supreme Court has not, however, found that Alleyne is retroactive to cases on collateral review. In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. The Court resolved Alleyne on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. Indeed, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Supreme Court has decided that other rules based on

4

Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004).

For these reasons the § 2255 petition is time-barred.[1] Furthermore, Petitioner does not assert, nor does the Court find, any circumstances that would warrant equitable tolling. Therefore, the petition will be dismissed.[2]

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

---

[1] The petition is also subject to dismissal because Petitioner did not sign the petition under penalty of perjury.

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his § 2255 petition, Petitioner addressed the statute of limitations issue by contending that the petition is timely under § 2255(f)(3).

As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**   Signed: August 12, 2013

Martin Reidinger
United States District Judge