THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00063-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID CLARENCE WARD, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Consideration of First Step Act (All)" [Doc. 56].

**I.     BACKGROUND**

On November 5, 2002, a jury found the Defendant guilty of one count of bank robbery; one count of armed bank robbery; one count of possession of a firearm during and in relation to a crime of violence; and one count of possession of a firearm by a convicted felon. [Doc. 25]. On January 28, 2003, the Court imposed a sentence of 430 months' imprisonment. [Doc.

30: Judgment]. The Defendant is currently incarcerated at USP Atlanta, and his projected release date is April 16, 2054.[1]

On January 26, 2021, the Defendant filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 56]. For grounds, the Defendant cites his "outstanding conduct" while in BOP custody and the ongoing coronavirus pandemic as grounds for release. [Id.]. He further argues that if he were sentenced today, he likely would have received a lesser sentence. [Id.]. Finally, the Defendant requests the appointment of counsel to represent in seeking a compassionate release. [Id. at 2].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited Feb. 8, 2021).

3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2] The Defendant has the burden of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile. See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant does not make any showing that he has submitted a compassionate release request to the warden of his facility prior to filing his request with the Court. The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

any response before filing a motion for a sentence reduction. Thus, the Defendant has not complied with the requirements of the statute, and the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

The Defendant moves for the appointment of counsel to represent him in connection with filing a motion for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) Consideration of First Step Act (All)" [Doc. 56] is **DENIED**. The denial of the Defendant's request for compassionate release is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS FURTHER ORDERED** that the Defendant's request for the appointment of counsel [Doc. 56] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge