# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:02-cr-00063-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| DAVID CLARENCE WARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Count (4) Convicted Felon in Possession of a Firearm in Light of Rehaif v. United States" [Doc. 57].

## I.  PROCEDURAL BACKGROUND

On November 5, 2002, a jury found the Defendant guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d); one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  [Doc. 25].  On January 28, 2003, the Court imposed a sentence of 430 months' imprisonment.  [Doc. 30: Judgment].  The Defendant appealed, and the Fourth Circuit Court of

Appeals affirmed his conviction in March 2004. [Doc. 33]. In 2013, the Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. [Doc. 46]. The Court denied and dismissed the Motion to Vacate on August 13, 2013. [Doc. 47].

The Defendant now brings this motion to dismiss the § 922(g) count from his Indictment and to resentence him on all counts in light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). [Doc. 57].

## II. DISCUSSION

In his motion, the Defendant attacks the validity of his conviction and sentence. Moreover, the type of relief that the Defendant seeks in the present motion is identical to the relief that could be obtained through a successful Section 2255 proceeding. Accordingly, the Court will treat his motion to dismiss as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA,

however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

3

debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a Defendant must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Dismiss Count (4) Convicted Felon in Possession of a Firearm in Light of Rehaif v. United States" [Doc. 57] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge