THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00063-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | <u>O R D E R</u> |
| ) | |
| DAVID CLARENCE WARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reduce Sentence" [Doc. 61].

I. **BACKGROUND**

In May of 2002, the Defendant David Clarence Ward robbed a branch of MountainBank in Asheville, North Carolina. [Doc. 41: PSR at ¶ 5]. The Defendant used a gun during the robbery, threatening a teller and displaying his firearm. [Id.]. At the time the Defendant committed this robbery, he had previously been convicted of numerous counts of breaking and entering. [Id. at ¶¶ 37, 39-41]. The Defendant had also been convicted in federal district court of armed bank robbery and using a firearm during a crime of violence. [Id. at ¶ 42]. The Defendant was on supervised release when he committed the robbery of the MountainBank. [Id. at ¶¶ 6, 42].

A federal grand jury indicted the Defendant and charged him with armed bank robbery, in violation of 18 U.S.C. § 2113(a); bank robbery, in violation of 18 U.S.C. § 2113(d); possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 3]. A jury convicted the Defendant of each of the charged offenses. [Doc. 25].

This Court's probation office submitted a presentence report (PSR) and found that the Sentencing Guidelines called for a sentence of between 110 and 137 months in prison for the armed bank robbery offense and a sentence of between 110 and 120 months in prison for the felon in possession offense. [Doc. 41 at ¶¶ 70-71]. The Defendant faced a mandatory consecutive sentence of 25 years in prison for the § 924(c) offense. [Id. at ¶ 70]. This Court[1] sentenced the Defendant to 130 months for the bank robbery offense, to a concurrent term of 120 months for the felon in possession offense, and to a consecutive term of 300 months in prison for the § 924(c) offense, for an aggregate sentence of 430 months. [Doc. 30 at 2].

---

[1] The Honorable Lacy H. Thornburg, United States District Judge, presiding. Upon Judge Thornburg's retirement in 2009, this case was reassigned to the undersigned.

The Defendant now has approximately 282 months of credited time in the Bureau of Prisons. He has completed 45 educational courses or work assignments. The Defendant is currently incarcerated at FCI Mendota, and his projected release date is April 16, 2054.[2]

In August 2022, the Defendant submitted a request for compassionate release with the warden of his Bureau of Prisons facility. [Doc. 61-1 at 1]. For grounds, the Defendant stated that he was nearly 66 years old, that he had paid all of his restitution and performed well in prison, and that he enjoyed a lot of support from his family. [Id.]. The Defendant also asserted that he was remorseful for his past conduct and was no longer a danger to the community. [Id.].

The Defendant now asks this Court to grant him compassionate release. For grounds, the Defendant argues that if he were sentenced today, he would not receive a "stacked" sentence for his § 924(c) offense because of changes to that statute made by § 403 of the First Step Act. [Doc. 61 at 2]. The Defendant also attaches to his motion a letter from his sister, stating that the Defendant's family would help him find a place to live and that members of the family would be able to offer him employment. [Id. at 4].

---

[2] See https://www.bop.gov/inmateloc/ (last visited Feb. 21, 2023).

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with the BOP by requesting compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

4

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020). The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

For grounds for compassionate release, the Defendant argues that if he were sentenced today, he would not receive a "stacked" sentence for his

5

§ 924(c) offense because of changes to that statute made by § 403 of the First Step Act. [Doc. 61 at 2]. The Defendant's argument, however, is incorrect. Section 403 of the First Step Act amended 18 U.S.C. § 924(c), removing the possibility that a defendant will receive "stacked" section 924(c) sentences in one prosecution by requiring that the 25-year mandatory-minimum sentence that applies for a second or successive § 924(c) conviction applies only "when a prior § 924(c) conviction arises from a separate case and already "has become final." First Step Act § 403(a), 132 Stat. at 5222. This amendment does not apply retroactively; however, even if it did, it would not assist the Defendant. At the time the Defendant was sentenced, he had previously been convicted of a § 924(c) offense and that conviction arose from a separate case and was a final conviction. Therefore, if the Defendant were sentenced today, he would still be subject to a mandatory consecutive sentence of 300 months in prison for his § 924(c) firearm offense.

The Defendant also asks this Court to grant compassionate release because of his age, post-imprisonment rehabilitation, and release plans. These considerations, however, do not warrant the extraordinary relief the Defendant seeks when balanced with the sentencing factors described in 18 U.S.C. § 3553(a). The Defendant's offense conduct was violent, and the

Defendant committed his offense while on supervised release following armed robbery and firearm convictions for which he had been sentenced to 117 months in prison. [See Doc. 41 at ¶ 42]. Those convictions followed at least 17 convictions for breaking and entering. [Id. at ¶¶ 37, 39-41]. While the Defendant has performed well in prison, and his family appears to be supportive, these considerations do not outweigh the serious nature and circumstances of his offense conduct, the seriousness of his criminal history, the need to deter the Defendant and others from further criminal behavior, the need to protect the public, and the need for just punishment.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduce Sentence" [Doc. 61] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge

7

Case 1:02-cr-00063-MR   Document 64   Filed 03/07/23   Page 7 of 7