THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00063-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| DAVID CLARENCE WARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence Pursuant to Amendment 814 § 1B1.13 and 18 U.S.C. § 3582(c)(1)(A)" [Doc. 65] and the Defendant's "Motion for Appointment of Public Defender" [Doc. 66].

In May 2002, the Defendant David Clarence Ward committed a bank robbery in Asheville, North Carolina. [Doc. 41: PSR at ¶ 5]. The Defendant was subsequently found guilty by a jury of various offenses, including armed bank robbery, in violation of 18 U.S.C. § 2113(a); bank robbery, in violation of 18 U.S.C. § 2113(d); possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 25: Jury Verdict].

The Defendant was sentenced to an aggregate sentence of 430 months. [Doc. 30: Judgment at 2].

In August 2022, the Defendant filed a motion for compassionate release. For grounds, the Defendant argued that if he were sentenced today, he would not receive a "stacked" sentence for his § 924(c) offense because of changes to that statute made by § 403 of the First Step Act. [Doc. 61]. The Defendant also cited his age, post-imprisonment rehabilitation, and release plans as grounds for a sentence reduction. [Id.]. The Court denied the Defendant's motion in March 2023. [Doc. 64].

The Defendant now returns to this Court with another motion for compassionate release. [Doc. 65]. This motion simply restates the grounds which the Defendant previously asserted and which the Court previously rejected. For the reasons stated in its prior Order [Doc. 64], the Court concludes that the Defendant has failed to provide extraordinary and compelling reasons for his early release. The Court further concludes, for the reasons previously stated, that the § 3553(a) factors weigh in favor of the Defendant's continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

The Defendant also moves for the appointment of counsel to represent him in connection with litigating his request for compassionate release. The

Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Defendant has already filed a motion for compassionate release outlining the grounds for his motion. Accordingly, the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Pursuant to Amendment 814 § 1B1.13 and 18 U.S.C. § 3582(c)(1)(A)" [Doc. 65] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's "Motion for Appointment of Public Defender" [Doc. 66] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 22, 2025

Martin Reidinger
Chief United States District Judge